**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAJ KUMAR, | No. 16-70548 |
| Petitioner, | Agency No. A088-495-116 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 14, 2018
San Francisco, California

O'SCANNLAIN and BEA, Circuit Judges, and STEARNS,** District Judge.

The Board of Immigration Appeals (BIA) dismissed Raj Kumar's appeal of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Kumar appealed the decision. We have jurisdiction pursuant to 8 U.S.C. § 1252.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

1

1. To succeed on an asylum claim, an applicant must demonstrate that he faces persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion" in his home country. 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1). "It is settled law that an applicant may establish a political opinion for purposes of asylum relief by showing an 'imputed political opinion.'" *Kumar v. Gonzales*, 444 F.3d 1043, 1053 (9th Cir. 2006) (citation omitted). To demonstrate a nexus between an applicant's mistreatment and an imputed political opinion, the petitioner "must show (1) that . . . his persecutors believed that he held . . . a political opinion; and (2) that he was harmed because of that political opinion." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). He must also show that an imputed political opinion was "at least one central reason" for the persecution he suffered. 8 U.S.C. § 1158(b)(1)(B)(i).

*Dinu v. Ashcroft* established that where an asylum-seeker offers no direct evidence that he was targeted based on an imputed political opinion, the court will not infer such a motive so long as the alleged persecution occurred in the context of a bona fide criminal investigation. 372 F.3d 1041, 1045 (9th Cir. 2004). *Singh v. Holder*, meanwhile, relied on a more limited rule that applies only where different factual circumstances exist. 764 F.3d 1153, 1162 (9th Cir. 2014). Because *Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1017 (9th Cir. 2011) held that accusations

2

of acting "against the government" constituted an imputed political opinion, *Singh* found those same words ("working against the government") to be "direct evidence that the persecution was motivated by a political opinion imputed to the applicant." 764 F.3d at 1159. But *Singh* did not upset the general rule set forth by *Dinu*—there is no presumption that persecution is political where the petitioner fails to bear the burden of demonstrating that there was no other logical reason for the persecution, and an asylum-seeker must offer direct evidence to support such a claim. 372 F.3d at 1044-45.

Here, in the course of a legitimate criminal investigation, the police accused Kumar of "sheltering Kashmiri militants" and of "lying" to them about what he knew. Kumar's wife testified that Indian police questioned her about Kumar's "links with Kashmiri militants" and accused Kumar of having "joined" Lashkar-e-Taiba (LeT), a Kashmiri separatist group. The BIA found that neither the police officers' statements nor the testimony of Kumar's wife provided "direct or indirect evidence to show that an imputed political opinion was at least a central motivation in this case." As a result, it found that the factual finding of the Immigration Judge (IJ) was not clear error.

That conclusion was not unreasonable. The BIA's factual determinations are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Immigration and Nationality Act § 242(b)(4)(B), 8 U.S.C.

3

§ 1252(b)(4)(B); *see also I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). Under the standard set forth in *Dinu*, a reasonable adjudicator could find that the statements offered by Kumar were not sufficient direct evidence of an imputed political opinion. This is especially true where the asylum-seeker is unable to offer any direct evidence that impugns the legitimacy of the police investigation in which he had become enmeshed.

2. While we find that Kumar's asylum claim lacks merit, we remand the case to the BIA for further proceedings on his claim for withholding of removal. The BIA's decision was issued before this court decided *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017), which held that for the purposes of withholding of removal, the BIA should consider whether the political opinion (or other protected ground) was "a reason" that the persecutor targeted the applicant, rather than the "one central reason" standard that governs asylum claims. Where there are important legal developments bearing on the case in question after the BIA renders its decision, this court generally favors a remand so that the agency may consider the relevant precedent in the first instance. *See Pannu v. Holder*, 639 F.3d 1225, 1226 (9th Cir. 2011) (citing *I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam)).

3. The Convention Against Torture prohibits the return of an alien to a country where it is "more likely than not" that he will be tortured. 8 C.F.R. § 1208.16 *et seq.* Torture is defined in the CAT implementing regulations as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as . . . punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 1208.18(a)(1). Evidence relevant to the possibility that an individual may be tortured in the future includes evidence of past torture, evidence that the petitioner could relocate to another part of the country in question where he is not likely to be tortured, and country-specific evidence of "gross, flagrant or mass violations of human rights within the country of removal, where applicable." 8 C.F.R. § 1208.16(c)(3).

The IJ found, and the BIA agreed, that Kumar was not eligible for relief because 1) substantial time had passed since the events at issue, and 2) there was no evidence that Kumar "would be of any interest to authorities outside of Jammu and Kashmir." This determination was supported by substantial evidence: nearly fourteen years had passed since Kumar's relatively brief encounters with the police, violence in Jammu and Kashmir has diminished, and the alleged torture was perpetrated by only local police units. This determination was not error.

5

For these reasons, we **DENY** Kumar's petition as to asylum and CAT protection. We **REMAND** to the BIA for further proceedings on the question of Kumar's withholding of removal claim.